UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WESTBROOK,

        Petitioner,

                                    CASE NO. 05-CV-60037-AA

    v.                               JUDGE MARIANNE O. BATTANI
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

ANDREW JACKSON,

        Respondent.

                          /

## REPORT AND RECOMMENDATION

*Table of Contents*

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.     *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.     *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.     *Procedural Default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     D.     *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     E.     *Prosecutorial Misconduct* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
               a. Vouching . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
               b. Denigrating the Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
               c. Shifting the Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     F.     *Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
          1.     *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
          2.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
     G.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

\*      \*      \*      \*      \*

I.     RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus.

II.    REPORT:

A.     *Procedural History*

1.      Petitioner Eric Westbrook is a state prisoner, currently confined at the Mound Correctional Facility in Detroit, Michigan.

2.      On January 10, 2001, petitioner was convicted of possession of 50 grams or more, but less than 225 grams, of cocaine, MICH. COMP. LAWS § 333.7403(2)(a)(iii); and felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, following a jury trial in the Wayne County Circuit Court.  On May 4, 2001, he was sentenced to a term of 10-20 years' imprisonment on the drug conviction, and to a concurrent term of 9 months' to five years' imprisonment on the firearm conviction.

3.      Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.      MR. WESTBROOK WAS DENIED THE DUE PROCESS OF LAW IN VIOLATION OF THE UNITED STATES CONSTITUTION AMENDMENTS IV AND XIV AND THE MICHIGAN CONSTITUTION, 1963, ART I SEC 20 WHEN THE JUDGE REFUSED TO SUPPRESS THE FRUIT OF THE ILLEGAL SEARCH BASED ON A VIOLATION OF THE KNOCK-AND-ANNOUNCE RULE.

II.     THE AFFIDAVIT IN SUPPORT OF THE SEARCH WARRANT FAILS TO ESTABLISH PROBABLE CAUSE FOR THE SEARCH, DEFENDANT WAS DENIED HIS FOURTH AMENDMENT RIGHT PROHIBITING UNREASONABLE SEARCH AND SEIZURE, THE EVIDENCE WAS INADMISSIBLE, AND HIS CONVICTION MUST BE REVERSED.  US CONST AM IV; MICH CONST 1963 ART I, SEC 17.

III.    DEFENDANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS AND TO A FAIR TRIAL UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND UNDER SECTION 17, ART 1, MICHIGAN CONSTITUTION 1963 WHEN THE TRIAL PROSECUTOR IN ARGUMENT TO THE JURY (1) TESTIFIED TO MATTERS OF HIS OWN PERSONAL KNOWLEDGE; (2) VOUCHED FOR THE CREDIBILITY OF PROSECUTION WITNESSES; (3) DENIGRATED THE DEFENSE; AND (4) SHIFTED THE BURDEN OF PROOF; AND DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE COUNSEL UNDER THE 6TH AMENDMENT TO THE UNITED STATES

> CONSTITUTION AND UNDER SECTION 20, ARTICLE 1, MICHIGAN
> CONSTITUTION 1963 WHEN TRIAL COUNSEL DID NOT OBJECT TO
> THE PROSECUTOR'S PREJUDICIAL ARGUMENT TO THE JURY
> SAVE IN TWO INSTANCE[S].

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Westbrook*, No. 236357, 2003 WL 22244456 (Mich. Ct. App. Sept. 30, 2003) (per curiam).

4.     Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the Michigan Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard order.  *See People v. Westbrook*, 469 Mich. 1006, 677 N.W.2d 28 (2004).

5.     Petitioner, through counsel, filed the instant application for a writ of habeas corpus on February 14, 2005.  As grounds for the writ of habeas corpus, he raises the prosecutorial misconduct claims, and the derivative ineffective assistance of counsel claim, that he raised in the state courts.

6.     Respondent filed his answer on August 19, 2005.  He contends that petitioner's prosecutorial misconduct claims are barred by petitioner's procedural default in the state courts, and that petitioner's claims are without merit.

B.     *Factual Background Underlying Petitioner's Conviction*

The facts underlying petitioner's conviction were accurately summarized by the Michigan Court of Appeals:

> On February 29, 2000, the police executed a search warrant on defendant's Detroit home and seized cocaine, marijuana, a digital scale, and two loaded firearms. Several Detroit police officers testified that they went to defendant's house to execute a search warrant. After announcing their presence and receiving no response, the officers effectuated a forced entry. Defendant's front entrance was protected by two sets of iron security grates.
> The police discovered defendant in a first-floor bedroom, standing on top of

a dresser, attempting to place a "clear bag of suspected narcotics" into a drop ceiling panel. At that time, the police observed, and subsequently removed, a loaded, blue steel nine-millimeter semiautomatic handgun from defendant's waistband. In the ceiling panel, the police discovered two separate plastic bags, containing a total of 69.88 grams of cocaine. The police also seized 1,885.5 grams of marijuana from the bedroom closet, and a loaded assault rifle from behind the bedroom entry door. A digital scale and a female bulletproof vest were also confiscated from the living/dining room area. The arresting officer testified that when defendant twice resisted arrest, he sprayed defendant in the "nose area" with "department-issue pepper spray" and handcuffed him. The officer then removed $1,224 from defendant's pocket, and keys that opened the front door and one of the security grates.

During trial, the defense maintained that the police were simply dishonest, and that defendant was innocent of the charges. The defense also alleged that defendant was a victim of police brutality. A defense witness, who was in another room during the search, testified that he saw defendant handcuffed, smelled mace, and heard the police hitting defendant and defendant hollering. A police officer rebuttal witness, who was present during the execution of the search warrant, denied that defendant was ever hit, threatened, or otherwise abused.

*Westbrook*, 2003 WL 22244456, at *1, slip op. at 1-2.

C.      *Procedural Default*

Respondent first contends that petitioner's prosecutorial misconduct claims are barred by petitioner's procedural default in the state courts, because petitioner failed to raise these claims on direct appeal.  Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  Even assuming, however, that petitioner's claims are defaulted, it is still necessary to consider the claims on the merits.  Petitioner contends that his trial counsel was ineffective for failing to object to the prosecutor's comments at trial.  If petitioner's position is correct, counsel's ineffectiveness may constitute cause to excuse any procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

A review of counsel's effectiveness, in turn, requires an examination of the merits of the underlying claims. Given that the cause and prejudice inquiry merges with an analysis of the merits of petitioner's defaulted claims, it is better to simply consider the merits of these claims, even if they are defaulted. *See Jamison v. Collins*, 100 F. Supp. 2d 647, 676 (S.D. Ohio 2000); *Watkins v. Miller*, 92 F. Supp. 2d 824, 832 (S.D. Ind. 2000); *cf. Strickler v. Greene*, 527 U.S. 263, 282 (1999) (considering merits of petitioner's habeas claims where inquiry into the merits mirrored cause and prejudice inquiry).

D.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts

the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694.  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."  *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

E.      *Prosecutorial Misconduct*

1.      *Clearly Established Law*

For habeas relief to be warranted on the basis of prosecutorial misconduct, it is not enough that the prosecutor's conduct was "undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Rather, the misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (internal quotation omitted). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In determining whether the prosecutor's conduct was so egregious as to warrant habeas relief, a court should consider "the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury; and the strength of the competent proof to establish the guilt of the accused." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (internal quotations and citations omitted).

7

In sum, to constitute a denial of due process the prosecutor's conduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id*. (internal quotation omitted).

       2.     *Analysis*

Petitioner challenges a number of the prosecutor's comments during closing and rebuttal argument, which he contends amounted to improper vouching for the witnesses, denigration of the defense, and shifting of the burden of proof. The Court should conclude that petitioner is not entitled to habeas relief on these claims.

### *a. Vouching*

During closing argument, the prosecutor attacked petitioner's defense that the police officers had singled him out for no reason. The prosecutor then stated: "If that's the kind of world we live in, then it's a very sad world, ladies and gentlemen, very sad. I submit to you, you heard honest and truthful police officers testify here about what happened." Jury Trial Tr., dated 1/9/01, at 117. Defense counsel objected on the basis that this was impermissible vouching, and the trial court sustained the objection. *See id*. Nevertheless, the prosecutor continued:

> I submit to you, ladies and gentlemen, that the evidence you've heard, if I'm allowed to go further, I submit to you, you heard honest and truthful police officers because of the testimony you heard, because of the circumstances of this case, because – and this is the reason why you can draw that conclusion that they were honest and truthful – because the Defendant most likely thought he had a lot more time because of that Armour Guard than he really did have.
> The police officers were honest and truthful because it just makes no sense whatsoever that they would bring Mr. Franklin out of the room where he's at, another room, and bring him four feet away from the Defendant in order to witness the kind of mistreatment that the defense alleges was happening to Mr. Westbrook. These were honest and truthful police officers. And you can draw that conclusion because of the evidence you heard, not because I say it, but because of what you heard in this courtroom.

*Id*. at 117-18. The Michigan Court of Appeals rejected petitioner's claim that this argument denied

him a fair trial, explaining:

> The prosecutor's statement in the instant case that the police officers provided honest and truthful testimony was clearly improper.  Nor error requiring reversal occurred, however, because the trial court sustained defense counsel's objection and defendant failed to request a curative instruction.  Moreover, the prosecutor later explained to the jury that it could infer that the police officers were credible based on the evidence presented and not his opinion.  We further note that the trial court's instructions to the jury that they were the sole judges of witness credibility and that they should not give special weight to witnesses based simply on their status as police officers cured any potential prejudice.

*Westbrook*, 2003 WL 22244456, at *4, slip op. at 5-6 (footnotes omitted).  The Court should conclude that this determination was reasonable.

It is well established that it is improper for a prosecutor to personally vouch for the credibility of her witnesses.  Improper vouching occurs either (1) "when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness," or (2) through "comments that imply that the prosecutor has special knowledge of facts not in front of the jury." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999); *see also*, *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001).[1]  The prosecutor's comments here did neither. Although the prosecutor initially made an unexplained statement that the police officer witnesses were honest and truthful, that comment was objected to by defense counsel, and counsel's objection was sustained by the trial court.  The prosecutor's later statements make clear that he was arguing that the officers were credible based on the evidence at trial and common sense.  The prosecutor specifically argued that the jury should find the officers credible based on the testimony in the case, and not because of anything he said.

---

[1]Some cases referring to only the first type of comment as "vouching" and describe the second type of comment as "bolstering."  *See Francis*, 170 F.3d at 551.

Thus, the prosecutor's comments were permissible characterizations of the evidence. As such, they did not constitute impermissible vouching for the credibility of the witnesses or the guilt of petitioner. *See, e.g.*, *Nichols v. Scott*, 69 F.3d 1255, 1283 (5th Cir. 1995) (comment "is permissible to the extent that it draws a conclusion based solely on the evidence presented.") (internal quotation omitted); *Martin v. Foltz*, 773 F.2d 711, 717 (6th Cir. 1985) (prosecutor may argue permissible inferences from the evidence).

Further, "[i]t is well established that juries are allowed to draw upon their own experience in life as well as their common sense in reaching their verdict. While common sense is no substitute for evidence, common sense should be used to evaluate what reasonably may be inferred from circumstantial evidence." *U.S. v. Durham*, 211 F.3d 437, 441 (7th Cir. 2000) (internal quotation omitted). Thus, the prosecutor was permitted to urge the jury to use its common sense in evaluating petitioner's alibi evidence. *See United States v. Catano*, 65 F.3d 219, 228 (1st Cir. 1995); *United States ex rel. Hamilton v. Ellingsworth*, 629 F. Supp. 356, 366 (D. Del. 1988).

For these reasons, the Court should conclude that the Michigan Court of Appeals's rejection of this claim was reasonable. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b.  Denigrating the Defense

Petitioner next claims that the prosecutor improperly denigrated the defense. At trial, the prosecution called Officer Juan Davis to testify as a rebuttal witness, to contradict petitioner's version of events at the time of the arrest. During closing argument, the prosecutor explained to the jury his reasons for calling Davis as a rebuttal witness:

> You heard Officer Juan Davis testify just now in rebuttal. And I put him up there – and ordinarily I wouldn't do this, because usually the kind of allegation the

> defense made here is the kind that usually doesn't require a lot of response because *a lot of people in the Defendant's position would put on evidence like that to have you disbelieve the police officers.*  But I wanted just to make sure that you knew what the police officer's version of events were because they weren't – Remember, when I was first asking them questions when they were on the witness stand, I didn't know what this defense was going to be, I didn't know they were even going to call Mr. Franklin.  So I never had the chance to ask them directly when it was my case before the defense put on their case.

Jury Trial Tr., dated 1/9/01, at 115-16 (emphasis added).  The Michigan Court of Appeals rejected petitioner's argument that this comment was improper, explaining that "[a]lthough it is improper for the prosecution to personally attack the credibility of defense counsel, in this case the prosecution's argument did not involve such an attack.  Rather, the record reflects that the prosecutor was simply explaining why he chose to present a rebuttal witness." *Westbrook*, 2003 WL 22244456, at *4, slip op. at 6 (footnote omitted).  The Court should conclude that this determination was reasonable.

Contrary to petitioner's argument, the highlighted portion of the prosecutor's comment did not imply that defense counsel did not believe in the truthfulness of his own witnesses.  It did imply that defendant's version of events was untrue, but that was an implication based on the evidence, *i.e.*, the testimony of the police officers.  The comment as a whole also explained to the jury why the prosecutor did not present this evidence during his case-in-chief.  Because the prosecutor's argument was based on the facts of the case, they did not deprive petitioner of a fair trial.  *See United States ex rel. Williams v. Washington*, 913 F. Supp. 1156, 1163 (N.D. Ill. 1995) (prosecutor's assertion during closing argument that the defendant had "lied" did not deprive petitioner of a fair trial where "the prosecution's statements were reasonable inferences drawn from the physical evidence and witness testimony[.]"); *cf. Kappos v. Hanks*, 54 F.3d 365, 367-68 (7th Cir. 1995) (petitioner not denied a fair trial where prosecutor referred to him as a "murderer" and "artful liar").  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

*c. Shifting the Burden of Proof*

Finally, petitioner contends that the prosecutor impermissibly shifted the burden of proof. During rebuttal argument, the prosecutor argued that the $1,224.00 found on petitioner, although not illegal, was relevant because it was consistent with the testimony of the police officer witnesses. In making this argument, the prosecutor stated: "And remember, the fact that the Defendant possessed 1,224 dollars isn't disputed, wasn't disputed by anybody.  Mr. Franklin didn't tell you he agreed to pay me that day 1,224 dollars for the little –." Jury Trial Tr., dated 1/9/01, at 144.  At that point, defense counsel objected, arguing that the defense did not have the burden to prove anything. The court dismissed the jury and heard argument on the matter from the prosecutor and defense counsel.  *See id*. at 144-59.  The court then ruled that the prosecutor could state the fact of the $1,224 being recovered because testimony contradicting that fact could have come from witnesses other than the defendant, but that the prosecutor could not argue that the fact the money was recovered implied any guilt, because there was no testimony from the officers concerning whether this amount would typically be recovered from a drug dealer or from a law-abiding person.  *See id*. at 159-62. When the jury returned, the prosecutor did not further mention the money recovered from petitioner. *See id*. at 162-65.  The Michigan Court of Appeals rejected petitioner's claim that this comment was improper, explaining that "[w]hile a prosecutor may not imply that a defendant must prove something, it is permissible for a prosecutor to observe that the evidence against a defendant is undisputed.  Here, not only was there undisputed evidence regarding the amount of money seized from defendant, but the defense actually stipulated to this fact at trial."  *Westbrook*, 2003 WL 22244456, at *4, slip op. at 6 (footnote omitted).  The Court should conclude that this determination was reasonable.

While it is true that a criminal defendant has no duty to testify or come forward with any evidence, once he does so a prosecutor is permitted to comment on that evidence. Here, the prosecutor's comments were merely "a proper way of arguing that the [petitioner's] argument was mere speculation unsupported by the evidence." *United States v. MMR Corp.*, 907 F.2d 489, 502 (5th Cir. 1990). Further, the comment did not implicate petitioner's Fifth Amendment right to be free from compelled self-incrimination. While the Fifth Amendment "forbids . . . comment by the prosecution on the accused's silence," *Griffin v. California*, 380 U.S. 609, 615 (1965), the prosecutor here used the uncontradicted nature of the evidence not as substantive evidence of guilt, but to rebut petitioner's claims about the conduct of the police officers. Such defensive uses are permissible. *See United States v. Robinson*, 485 U.S. 25, 34 (1988) ("It is one thing to hold, as we did in *Griffin*, that the prosecutor may not treat a defendant's exercise of his right to remain silent at trial as substantive evidence of guilt. It is quite another to urge, as defendant does here, that the same reasoning would prohibit the prosecutor from responding to an argument of the defendant by adverting to that silence."). Further, the comment was not manifestly intended to comment on, nor would it have been interpreted by the jury as intending to comment on, petitioner's silence. Petitioner was not the only one who could have provided testimony relating to the money, as Franklin, petitioner's own witness, was present at the arrest, and the prosecutor's comment did not treat the existence of the money as substantive evidence of guilt, but rather as a basis for finding the officers credible. In these circumstances, the prosecutor's comment was not an impermissible comment on petitioner's failure to testify or present evidence. *See Byrd v. Collins*, 209 F.3d 486, 534 (6th Cir. 2000).

Finally, petitioner cannot show that he was prejudiced by the prosecutor's comment. The

money did not factor significantly in the prosecutor's argument as a basis for the jury to find

petitioner guilty.  Indeed, the prosecutor noted that possession of the money itself was not illegal,

and argued only that the testimony relating to the money was relevant to the officers' credibility.

Given the extensive testimony relative to the actions of the officers, it is highly unlikely that the jury

would have resolved the credibility issues differently in the absence of this brief comment by the

prosecutor.  Further, any ambiguity that the prosecutor's argument may have created for the jury on

the matter of the burden of proof was cured by the trial court's instructions on the proper burden of

proof.  *See Scott v. Elo*, 302 F.3d 598, 603-04 (6th Cir. 2002); *Lugo v. Kuhlmann*, 68 F. Supp. 2d

347, 369 (S.D.N.Y. 1999).  Accordingly, the Court should conclude that petitioner is not entitled to

habeas relief on this claim.

F.      *Ineffective Assistance of Counsel*

        Petitioner also contends that his trial attorney was ineffective for failing to object to some

of the instances of prosecutorial misconduct raised in his habeas petition.  The Court should

conclude that petitioner is not entitled to habeas relief on this claim.

        1.      *Clearly Established Law*

        The Sixth Amendment right to counsel and the right to effective assistance of counsel protect

the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To

establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were

so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These

two components are mixed  questions of law and fact.  *Id*. at 698.  Further, "[t]here is no reason for

a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the

defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

2.      *Analysis*

As explained above, each of petitioner's prosecutorial misconduct claims is without merit, because the prosecutor's comments were not improper. Counsel cannot be deemed ineffective for failing to raise meritless objections. *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim.

G.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an

15

unreasonable application of, clearly established federal law.  Accordingly, the Court should deny

petitioner's application for the writ of habeas corpus.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *See Willis*

*v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit*

*Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response.  The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.


                                                  s/Paul J. Komives
                                                  PAUL J. KOMIVES
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: 3/27/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on March 27, 2006.

s/Eddrey Butts
Case Manager