UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WESTBROOK,

        Petitioner,

v.                                             CIVIL CASE NO. 05-60037
                                              HON. MARIANNE O. BATTANI

ANDREW JACKSON,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I.    INTRODUCTION

Before the Court is petitioner Eric Westbrook's objections to Magistrate Judge Paul J. Komives's March 27, 2006, Report and Recommendation ("R&R") (Doc. # 19). On February 14, 2005, Eric Westbrook filed a 28 U.S.C. § 2254 Petition for a Writ of *Habeas Corpus*. In his application, Westbrook challenges his convictions for cocaine possession in violation of MICH. COMP. LAWS ANN. § 37.7403(2)(a)(iii), and felon in possession of a firearm in violation of MICH. COMP. LAWS ANN. § 750.224f. He was sentenced to a term of ten to twenty years of imprisonment for the drug conviction plus a concurrent term of nine months to five year for the firearm conviction. The government filed a response August 19, 2005. The Magistrate Judge recommended that the Court deny Westbrook's petition. Petitioner filed objections to the R & R, asserting the law and facts cited by the Magistrate Judge were inapplicable or misleading, and that the Magistrate Judge reached the wrong legal conclusions. For the reasons stated below, the Court ADOPTS the Magistrate Judge's denial of Westbrook's application for the writ of *habeas corpus*.

On February 29, 2000, the Detroit police executed a search warrant on Westbrook's home. People v. Westbrook, No. 236357, 2003 WL 22244456, at *1 (Mich. Ct. App. Sept. 30, 2003). The police officers testified that, after announcing their presence and receiving no response, they effectuated a forced entry through the front entrance, which was secured by two sets of iron security grates. Id. The police found Westbrook on top of a dresser in a first-floor bedroom attempting to place a clear bag behind a ceiling tile. Id. During the execution of the warrant, the police discovered and removed a loaded nine-millimeter semiautomatic handgun from Petitioner's waistband. Id. The police also discovered two other plastic bags that contained a total of 69.88 grams of cocaine. Id. The police also seized 1,885.5 grams of marijuana from the bedroom closet, and a loaded assault rifle from behind the bedroom door. Id. Also confiscated were a digital scale, a bulletproof vest, a large sum of money from Westbrook's pocket, and keys that opened the front door and one of the security grates. Id. During the arrest, Westbrook was pepper-sprayed and handcuffed after he twice resisted arrest.

During Westbrook's trial, he asserted a defense of innocence, that the police were dishonest, and that he was a victim of excessive force. Id. Westbrook presented a defense witness who testified that, although he was in a different room during the search, he saw Westbrook handcuffed, smelled mace, and heard the police hitting Westbrook. Id. Westbrook was subsequently convicted for cocaine possession and the related firearm charge. After his conviction, he appealed as of right to the Michigan Court of Appeals claiming, through counsel, that he was denied a fair trial because: 1) the trial court refused to suppress certain evidence; 2) the search warrant was not based on probable cause; and, 3) the prosecutor testified to matters of his own personal knowledge, impermissibly vouched for prosecution witnesses, denigrated the

2

defense, shifted the burden of proof, and that he was denied effective assistance of counsel when his defense attorney failed to object to the prosecutor's actions. The Michigan Court of Appeals affirmed his conviction. Westbrook filed a timely application for leave to appeal to the Michigan Supreme Court; however, that application was denied. He then filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 that makes the following claim:

> I. PETITIONER WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS AND TO A FAIR TRIAL UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL PROSECUTOR IN ARGUMENT TO THE JURY (1)VOUCHED FOR THE CREDIBILITY OF PROSECUTION WITNESSES; (2) DENIGRATED THE DEFENSE, AND (3) SHIFTED THE BURDEN OF PROOF; AND PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE COUNSEL UNDER THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL DID NOT PROPERLY OBJECT TO THE PROSECUTOR'S PREJUDICIAL STATEMENTS IN THE PROSECUTOR'S ARGUMENT TO THE JURY.

**II.    STANDARD OF REVIEW**

In cases where a Magistrate Judge has submitted a Report and Recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 2254, a writ of *habeas corpus* may not be granted unless the state court proceedings: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); Harpster v. State of Ohio, 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. Id., at 412-13. A federal *habeas* court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411.

Finally, the term "clearly established federal law" refers to the holdings as opposed to the *dicta* of the U.S. Supreme Court's decisions at the time of the relevant state court decisions. Id., at 412. With the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), Congress limited the source of law for federal *habeas* relief to cases decided by the U.S. Supreme Court. Herbert v. Billy, 160 F.3d 1131, 1135 (6th Cir. 1998). However, to the extent that lower or inferior federal courts have decided factually similar cases, references to these decisions by a federal *habeas* court is appropriate or relevant in determining whether the state court's application of U.S. Supreme Court law was reasonable or unreasonable. Haynes v. Burke, 115 F.Supp. 2d 813, 817 (E.D. Mich. 2000); See also Mountjoy v. New Hamphsire State Prison, 245 F.3d 31, 35-36 (1st Cir. 2001); Hull v. Kyler, 190 F.3d 88, 104 (3d Cir. 1999); Atley v. Ault, 191 F.3d 865, 871 (8th Cir. 1999).

### III.   ANALYSIS

    **A.   Prosecutorial Misconduct**

### 1.     Improper Vouching

Petitioner alleges that the prosecutor improperly vouched for the credibility of his witnesses during his closing argument. In general, improper vouching involves either blunt comments about the prosecutor's belief in the witness's credibility, "or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony . . . ." U.S. v. Francis, 170 F.3d 546, 550 (6th Cir. 1999). A prosecutor may not express a personal opinion concerning the guilt of a defendant or the credibility of trial witnesses, because such personal assurances of guilt or vouching for the veracity of witnesses by the prosecutor "exceeds the legitimate advocates' role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." Caldwell v. Russell, 181 F.3d 731, 737 (6th Cir. 1999)(internal citations omitted) *abrogated on other grounds by* 28 U.S.C. § 2261 *et seq*.

When analyzing a claim of prosecutorial misconduct, a court must initially decide whether the challenged statements were improper. Boyle v. Million, 201 F.3d 711, 717 (6th Cir. 2000). If the conduct is improper, the district court must then examine whether the statements or remarks are so flagrant as to constitute a denial of due process and warrant granting a writ. Id.

In the present case, Petitioner points to the prosecutor's statements that the police officers who testified against him were honest and truthful: "If that's the kind world we live in, then it's a very sad world, ladies and gentlemen, very sad. I submit to you, you heard honest and truthful police officers testify her about what happened." Defense counsel objected to this statement, and the trial court sustained the objection. However, the prosecutor continued on, arguing that the police officers' testimony was honest and truthful based on the plausibility of their testimony of

5

what happened, the circumstances of the case, and because common sense leads to the conclusion that their version of the events actually occurred.

The Michigan Court of Appeals rejected this claim by stating, in the first instance, that although the prosecutor's comments were improper, it did not constitute error requiring reversal because defense counsel did not request a curative instruction. As to the latter comments, the court of appeals did not find them improper. The court held that the remarks were unobjectionable because they were based on the evidence and not the prosecutor's opinion. Moreover, the court of appeals noted that the trial court instructed the jury that they were the sole judges of witness credibility, and that no special weight should be given to testimony merely because a witness was a police officer. The court of appeals also found that the jury instructions cured any potential prejudice to Petitioner.

Petitioner first objects to the Magistrate Judge's conclusion that the court of appeals decision regarding the first comment was not unreasonable. Petitioner argues that the personal vouching by the prosecutor for his officers was clearly improper and rendered the entire trial fundamentally unfair because the only evidence presented against him was the testimony of the officers. Petitioner also contends that the cases cited by the Magistrate Judge do not support the conclusion that the prosecutor's latter statements were not vouching, but rather, were permissible arguments based on the testimony in the case.

"When a petitioner makes a claim of prosecutorial misconduct, 'the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor.'" Serra v. Mich. Dep't of Corr., 4 F.3d 1348, 1355 (6th Cir. 1993)(quoting Smith v. Phillips, 455 U.S. 209, 219 (1982)). In addition, on *habeas* review, the role of the district court is to determine whether

the conduct was "so egregious so as to render the *entire* trial fundamentally unfair." Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir. 1979)(emphasis added). When evaluating prosecutorial misconduct, consideration should be given to "the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused." Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982) (*en banc*) (quoting U.S. v. Leon, 534 F.2d 667, 679 (6th Cir. 1976)).

      The Court finds that the prosecutor's initial statement regarding the officers' veracity was an improper comment on the honesty of the prosecution witnesses. However, in light of defense counsel's objection, the curative jury instruction, and the limited nature of the transgression, the comment by the prosecutor was not so egregious that Petitioner was denied due process. See U.S. v. Emenogha, 1 F.3d 473, 481 (7th Cir. 1993). Although improper, the court of appeals found that because of the timely defense objection, as well as the curative jury instructions, no error requiring reversal occurred. Accordingly, the Court finds that the court of appeals decision was not contrary to clearly established federal law, and was not an unreasonable application of a correct legal principle derived from a Supreme Court decision. Williams, 529 U.S. at 405-06, 412-13.

      Next, Petitioner contends that the prosecutor's continuing reference to the police officers's honesty was improper vouching as well. Respondent contends that this claim, as well as Petitioner's denigrating the defense claim, are procedurally defaulted. Respondent contends

7

that because these instances of alleged prosecutorial misconduct were not objected to at the trial level, Petitioner is procedurally barred from raising them in his *habeas* petition.

"[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim."

Willis v. Smith, 351 F.3d 741, 744 (6th Cir. 2003).  In Michigan, a petitioner forfeits the right to raise issues of trial court error, unless a clear or obvious error affected substantial rights.  People v. Carines, 597 N.W.2d 130, 138 (Mich. 1999).  In this case, the Michigan Court of Appeals relied on Petitioner's failure to object to the prosecutor's conduct at the trial level as a basis for its decision to limit its review for plain error.  Because the court of appeals enforced the procedural rule, the second requirement for procedural default has been met.  See Harris v. Reed, 489 U.S. 255, 264, n. 10 (1989).  Finally, barring review of issues because defense counsel failed to object to the complained of conduct is an adequate and independent state ground foreclosing review.  See Coleman v. Thompson, 501 U.S. 722, 747 (1991).

When the state courts clearly and expressly rely on a valid state procedural bar, federal *habeas* review is also barred unless a petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice," i.e., that Petitioner is actually innocent.  Coleman, 501 U.S. at 750-751.  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external

8

to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, (1986). If a petitioner fails to show cause for his procedural default, the Court need not reach the prejudice issue. Smith v. Murray, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. Carrier, 477 U.S. at 479-480. In order for such an actual innocence claim to be credible, a petitioner must support the allegations of constitutional error with new reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995). Moreover, actual innocence means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). "The petitioner must also prove that he was actually prejudiced by the claimed constitutional error. Accordingly, the prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim." Rust v. Zent, 17 F.3d 155, 161-62 (6th Cir. 1994)(citations omitted). Therefore, in order for Petitioner to be entitled to *habeas* relief for these remaining claims, he must establish cause for the procedural default and actual prejudice, or if there is an absence of cause, actual innocence.

Westbrook relies on his counsel's failure to object to the conduct at the trial level as cause to excuse the default. "Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel." Willis, 351 F.3d at 745. In order to establish a claim of ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). The Sixth Circuit has held that "counsel cannot be ineffective for a failure to raise an issue that lacks merit." Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001). "Thus, in order to determine whether cause exists for the procedural default of [Petitioner's] ineffective assistance of trial counsel claim, [the Court] must, ironically, consider the merits of that claim." Willis, 351 F.3d at 745.

The Michigan Court of Appeals held that the prosecutor's statements were not improper because the prosecutor explained to the jury that it could infer that the police officers were credible based on the evidence presented, and not on his opinion. The court of appeals also found that the trial court's instructions to the jury - that they were the sole judges of witness credibility and that they should not give special weight to witnesses based simply on their status as police officers - cured any potential prejudice that may have arisen. Westbrook, 2003 WL 22244456, at *4. A prosecutor improperly vouches for a witness through blunt comments about the prosecutor's belief in the witness's credibility, "or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony . . . ." Francis, 170 F.3d at 550. However, a prosecutor may argue permissible inferences from the evidence. Byrd v. Collins, 209 F. 3d 486, 536 (6th Cir. 2000). As noted above, in a due process analysis, the Court must consider "the fairness of the trial, not the culpability of the prosecutor." Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997) (quotation marks and citation omitted).

The Court concludes that the demanding standard for *habeas* relief has not been met. First, the above remarks did not mislead the jury. The prosecutor told the jury during his closing argument that the jury could draw the conclusion that the police officer witnesses were honest

and truthful "because of the evidence you heard, not because I say, but because of what you heard in this courtroom." Tr. Vol. IV, at 118. In addition, the trial judge instructed the jury that they were the sole arbiters of credibility, and that they were not to afford special weight to the testimony of police officers merely because of their status as officers. The Sixth Circuit has noted that where the court instructs the jury in this fashion, "[s]uch instructions have sometimes been deemed to cure improprieties in closing argument." U.S. v. Carroll, 26 F.3d 1380, 1389 n. 12 (6th Cir. 1994). The Court finds that the prosecutor's statements did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986)(internal marks and citation omitted).

In light of the foregoing, this Court concludes that Petitioner's improper vouching claim is without merit. Accordingly, the Court finds that the court of appeals decision was not contrary to clearly established federal, and was not an unreasonable application of a correct legal principle derived from a Supreme Court decision. Williams, 529 U.S. at 405-06, 412-13. Therefore, because the prosecutor's conduct was not improper, defense counsel was not ineffective for failing to object to the statement, Petitioner cannot show cause for the default, and the claim is procedurally defaulted.[1]

    **2.**     **Denigrating the Defense**

Petitioner next claims that the prosecutor denigrated defense by implying that the defense witness's testimony was not a truthful rendition of what occurred during the raid of Petitioner's home. In support of his argument, Petitioner points to a Sixth Circuit case, where the court held

---

[1] The Court notes that Petitioner has not made a claim of actual innocence that would excuse the procedural default.

that a prosecutor committed misconduct when he went beyond arguing that the jury should infer the defendants' guilt from the evidence presented, and asked the jury to require the defendant to rebut evidence presented against him.  U.S. v. Smith, 500 F.2d 293, 297 (6th Cir. 1974).  In this case, Petitioner claims the following statement by the prosecutor was an improper argument that denigrated the defense:

> You heard Officer Juan Davis testify just now in rebuttal.  And I put him up there – and ordinarily I wouldn't do this, because usually the kind of allegation the defense made here is the kind that usually doesn't require a lot of response because *a lot of people in the Defendant's position would put on evidence like that to have you disbelieve the police officers*.  But I wanted just to make sure that you knew what the police officer's version of events were because they weren't – Remember, when I was first asking them questions when they were on the witness stand, I didn't know what this defense was going to be, I didn't know they were even going to call Mr. Franklin. So I never had the chance to ask them directly when it was my case before the defense put on their case.

Tr. Vol.  IV, at 115-16 (emphasis added).

When viewing the prosecutor's comments in context in this case, the prosecutor did not undermine the presumption of innocence by commenting on Petitioner's failure to testify, but instead, addressed the evidentiary weaknesses in Petitioner's defense.  See Smith, 500 F.2d at 297.  Nor did the prosecutor argue that the jury should require Petitioner to present an alternative explanation of the raid, where Petitioner had, in the exercise of his privilege against self-incrimination, declined to testify.  Id.  Rather, the prosecutor responded to defense counsel's argument that the police were dishonest by putting on a rebuttal witness and arguing the weight of the evidence contradicted the defense witness's version of events.  "The prosecutor is ordinarily entitled to wide latitude in rebuttal argument and may fairly respond to arguments made by defense counsel."  Angel, 682 F.2d at 607-08 (citing Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).   The Court finds that the Michigan Court of Appeals's decision to deny

Petitioner relief on this claim was not contrary to clearly established federal law; i.e., the conclusion does not conflict with a Supreme Court decision on a question of law, and does not conflict with a Supreme Court decision on a set of materially indistinguishable facts. Williams, 529 U.S. at 405-06. Nor did the court of appeals identify the correct legal principle from a Supreme Court's decision, but unreasonably apply that principle to the facts of Petitioner's case. Id., at 412-13. Moreover, the prosecutor's comment did not render the entire trial fundamentally unfair as to deny Petitioner due process because the statement was not flagrant, proof of guilt was overwhelming, and counsel did not object. Angel, 682 F.2d at 608. Therefore, because the prosecutor's conduct was not improper, the claim is procedurally defaulted.

### 3.     Shifting the Burden of Proof

Petitioner also claims that the prosecutor shifted the burden of proof in his closing arguments by arguing that Westbrook stipulated to possessing a large sum of money at the time of his arrest. During his closing argument, the prosecutor argued that Petitioner's possession of a large sum of money was relevant because it was consistent with the police officers's testimony and the charges against Petitioner. Petitioner contends that the line of argument was improper because, although Petitioner stipulated that one arresting officer handed another officer $1224, he never stipulated to possessing the money. Petitioner contends that the prosecutor's argument is impermissible because he alone has the information to contradict the evidence, and the jury would naturally and necessarily interpret the line of argument as a comment on his failure to testify.

The Michigan Court of Appeals held that "[w]hile a prosecutor may not imply that a defendant must prove something, it is permissible for a prosecutor to observe that the evidence

13

against a defendant is undisputed. Here, not only was there undisputed evidence regarding the amount of money seized from defendant, but the defense actually stipulated to this fact at trial." Westbrook, 2003 WL 22244456, at *4 (footnote omitted). The Magistrate Judge joined this reasoning. Petitioner claims that the court of appeals and the Magistrate Judge both based their decision to deny relief on a faulty premise, because he never stipulated to possessing the money. Rather, he only stipulated that one police officer handed that amount of money to another officer during his arrest.

Here, the questioned comments by the prosecutor are as follows: "And remember, the fact that the Defendant possessed 1,224 dollars isn't disputed, wasn't disputed by anybody. Mr. Franklin didn't tell you he agreed to pay me that day 1,224 dollars for the little –." Defense counsel objected, arguing that the defense did not have the burden to prove anything. The trial court dismissed the jury, heard argument from both sides, and ruled that the prosecutor could state that the money was recovered, but could not argue that the recovery of the money implied guilt. However, the prosecutor refrained from further reference to the recovered money.

Closing argument commenting on defendant's failure to testify is a violation of the right to remain silent. See Minor v. Black, 527 F.2d 1 (6th Cir. 1975). The Sixth Circuit, in situations such as these, looks at four factors to determine if a prosecutor's comment is an improper comment on the accused's failure to testify: "1) Were the comments 'manifestly intended' to reflect on the accused's silence or of such a character that the jury would 'naturally and necessarily' take them as such; 2) Were the remarks isolated or extensive; 3) Was the evidence of guilt otherwise overwhelming; 4) What curative instructions were given, and when." Hearn v. Mintzes, 708 F.2d 1072, 1077 (6th Cir. 1983). It must also be kept in mind that "a

characterization of evidence as 'uncontradicted' is not *per se* unconstitutional." Id.  Moreover, "[m]anifest intent will not be found 'if some other explanation for his remark is equally possible.'" Steele v. Taylor, 684 F.2d 1193, 1204 (6th Cir.1982)(quoting U.S. v. Robinson, 651 F.2d 1188, 1197 (6th Cir. 1981).  No manifest intent is found here because it is equally possible that the prosecutor was arguing that the fact that $1224 was recovered during Petitioner's arrest is consistent with what he was charged with, and the witness testimony.  The Court also finds that the comments are not of such a character that the jury would "naturally and necessarily" take them as a comment on Petitioner's failure to testify.  The prosecutor referred to the absence of testimony by Mr. Franklin that would establish that the recovery of the money was due to some lawful endeavor, but did not refer to an absence of testimony from Westbrook or call on him to explain his possession of that amount of cash.

Next, the prosecutor only stated once that it was undisputed that Petitioner possessed[2] the money recovered, and once that *Mr. Franklin's* testimony did not establish any other reason for Petitioner's possession of that amount of money.  Moreover, the line of argument was abandoned after defense counsel objected.  Therefore, the remarks were isolated.

Third, the evidence of guilt was overwhelming.  The prosecution offered the testimony of a number of witnesses that established Petitioner's culpability for the underlying offences.  The

---

[2] The Court is cognizant that Petitioner has not specifically disputed that he possessed that amount of money, only that did not stipulate that he possessed it.  However, the Court also recognizes that Petitioner's main dispute is not with the prosecution's statement that he possessed the money, but rather, the possible implication that he must come forward with evidence to explain or dispute his alleged possession of the money.  Therefore, the Court will address only the argument proffered by Petitioner: that the prosecution's statement was an impermissible comment on his right to remain silent, and not reach a decision on whether or not the prosecutor's statement was otherwise objectionable.

15

one defense witness did not rebut the basis of the charges against Petitioner. Therefore, the third factor also weighs against finding a constitutional violation.

Finally, the trial court gave curative instructions before the jury began deliberations, shortly after the closing arguments were made. Therefore, the prosecution's argument did not deprive Petitioner of a fair trial, because any possible prejudice which might have resulted from the comment was cured by the trial court's instructions regarding the proper burden of proof. Scott v. Elo, 302 F.3d 598, 603-04 (6th Cir. 2002). Accordingly, the court of appeals decision to deny Petitioner relief based on the prosecutor's statements was not contrary to clearly established federal law, decided differently than a Supreme Court decision on a set of materially indistinguishable facts, or an unreasonable application of a correct legal principle. Williams, 529 U.S. at 405-06, 412-13. Therefore, Petitioner is not entitled to *habeas* relief on his claim.

**B.     Ineffective Assistance of Trial Counsel**

Petitioner claims that trial counsel was ineffective for failing to object to the instances of alleged prosecutorial misconduct. When seeking a writ of *habeas corpus* based on ineffective assistance of counsel, the petitioner carries a heavy burden. The Supreme Court has held:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

> Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

16

Id., at 689 (quoting Michel v. Louisiana, 350 U.S. 91 at 101 (1955)).  Under the AEDPA, it is not enough for a federal *habeas* petitioner who alleges ineffective assistance of counsel to convince a federal *habeas* court that, in its independent judgment, the state court decision applied the Strickland standard incorrectly.  Instead, a *habeas* petitioner must show that the state court applied Strickland to the facts of the case in an objectively unreasonable manner.  Bell v. Cone, 535 U.S. 685, 698-699 (2002).  If an alleged error by counsel was not prejudicial, a federal court need not determine whether counsel's performance was constitutionally deficient. See McMeans v. Brigano, 228 F. 3d 674, 686 (6th Cir. 2000)(citing Strickland, 466 U.S. at 697).

      The Michigan Court of Appeals found that Petitioner was not prejudiced by his counsel's failure to object to the instances of alleged prosecutorial misconduct because, while recognizing it is impermissible to imply that a defendant must prove something, it was permissible for the prosecutor to observe that evidence against a defendant is undisputed.  The court also found that because Petitioner failed to show any instance of prosecutorial misconduct that denied him a fair trial, he could not show that his counsel was ineffective for failing to object to the prosecutor's conduct.

      The court applied the correct standard to assess counsel's conduct.  After reviewing the court of appeals' ruling, this Court concludes that it was neither a decision that was contrary to, or involved an unreasonable application of, Supreme Court precedent, nor a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Because "counsel cannot be ineffective for a failure to raise an issue that lacks merit," Petitioner is not entitled to *habeas* relief on his claim of ineffective assistance of counsel.

Greer v. Mitchell, 264 F.3d 663, 676 (6th Cir. 2001).

### IV.     CONCLUSION

Accordingly, the Court hereby **DENIES** Eric Westbrook's Petition for a Writ of *Habeas Corpus*.

**IT IS SO ORDERED.**

 S/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

DATED: June 28, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Carolyn Blanchard and Debra M. Gagliardi on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK